## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| BMW OF NORTH AMERICA, LLC, ) | |
| Plaintiff, ) | Case No. _____ |
| v. ) | JURY TRIAL DEMANDED |
| SCRAMOGE TECHNOLOGY LTD., ) | |
| Defendant. ) | |

## <u>COMPLAINT</u>

Plaintiff BMW of North America, LLC ("Plaintiff" or "BMW NA"), by and through its undersigned counsel, files this Complaint and Jury Demand against Scramoge Technology Ltd. ("Defendant" or "Scramoge"), and alleges as follows:

### NATURE OF THE ACTION

1.     This is an action for declaratory judgment of noninfringement of a United States Patent pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*

2.     Plaintiff seeks declaratory judgment that none of the claims of U.S. Patent Nos. 10,546,685 ("the '685 Patent"), 10,193,392 ("the '392 Patent"), 7,825,537 ("the '537 Patent"), and 10,243,400 ("the '400 Patent") (collectively, "the Patents"), are infringed by certain automobiles with a wireless charger.

3.    Plaintiff seeks this relief because Defendant has sued a corporate entity related to Plaintiff in the United States District Court for the Eastern District of Texas accusing that entity of infringing the Patents by making, using, offering for sale, selling, and/or importing certain automobiles with a wireless charger. A copy of the Complaint is attached as Exhibit 1. However, the corporate entity Defendant sued in the Eastern District of Texas is not responsible for any allegedly infringing actions in the United States.

4.    Plaintiff has sold the allegedly infringing vehicles within the statute of limitations for patent infringement, and continue to offer for sale and sell the allegedly infringing vehicles with a wireless charger, and therefore, have a reasonable apprehension that Defendant may file an action against Plaintiff and allege that Plaintiff has infringed or is infringing the Patents by offering for sale and/or selling the aforementioned allegedly infringing vehicles with a wireless charger.

**THE PARTIES**

5.    Plaintiff BMW of North America, LLC is a company organized and existing under the laws of the United States of America, and is a Delaware Limited Liability Company with its principal place of business in Woodcliff Lake, New Jersey. Plaintiff BMW of North America, LLC is a wholly-owned, but indirect,

subsidiary of Bayerische Motoren Werke AG, a German stock company. BMW of

North America, LLC does not manufacture vehicles, but it is the exclusive

importer and distributor of BMW-brand vehicles in the United States.

6.     On information and belief, Defendant Scramoge Technology Ltd. is a

limited liability company organized and existing under the laws of Ireland, with its

principal place of business at The Hyde Building, Suite 23, The Park,

Carrickmines, Dublin 18, Ireland.

## JURISDICTION AND VENUE

7.     The Court has subject matter jurisdiction over this action pursuant to

the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; 28 U.S.C. §§

1331 and 1338; and the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.

8.     The Court has personal jurisdiction over Defendant because

Defendant has made efforts to enforce the Patents in this District. *See Ford Global

Techs., LLC v. New World Int'l, Inc.,* 2016 U.S. Dist. LEXIS 93584, *2 (E.D.

Mich. Jul. 19, 2016) ("[T]he Federal Circuit acknowledged the rule that a

patentee's efforts to enforce a patent in the forum—including the patentee's efforts

to enforce the patent against entities unrelated to the lawsuit—were contacts that

supported requiring the patentee to defend a declaratory-judgment action in the

forum.) (citing *Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.*, 552 F. 3d 1324,

3

1334 (Fed. Cir. 2008)). Defendant previously filed suit against multiple defendants (not including Plaintiff) in the United States District Court for the Eastern District of Michigan in 2022, alleging infringement of the '685, '392,'537, and '400 patents. (Civil Action No. 2:22-cv-10730-GAD-APP, ECF No. 26, PageID.507- 680- (Amended Complaint)). That case is currently stayed.

9.     The '685, '392, and '537 patents, and '400 patents all relate to wireless power transmission, and the '685, '392, and '400 patents were all originally assigned to Korean entity LG Innotek Co., Ltd., before they were acquired by Scramoge. Accordingly, by availing itself of the Eastern District of Michigan to assert the patent rights at issue in this case, Defendant has "engaged in activities related to enforcement or defense of the patent within the forum," making the exercise of specific jurisdiction proper. *See Avocent*, 552 F. 3d at 1334 (Fed. Cir. 2008) ("[W]e have consistently required the defendant to have engaged in "other activities" that relate to the enforcement or the defense of the validity of the relevant patents. Examples of these "other activities" include initiating judicial or extra-judicial patent enforcement within the forum[.]"); *see also Bridgeport Music, Inc. v. TufAmerica, Inc.*, 2019 U.S. Dist. LEXIS 128708, *20-22 (E.D. Mich. Feb. 20, 2019) ("[B]ecause a patentee should be afforded 'sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign

4

forum,' the exercise of personal jurisdiction must rest upon 'other activities directed at the forum *and related to the cause of action* besides the letters threatening an infringement suit.' . . . [T]he court emphasized that the 'other activities' engaged in by the defendant must 'relate to the *enforcement* or the *defense of the validity* of the relevant patents.'") (quoting *Avocent*, 552 F.3d at 1333-35) (Federal Circuit's emphasis); *Ford Global Techs., LLC v. New World Int'l Inc.*, 2016 U.S. Dist. LEXIS 78384, *18-19 (E.D. Mich. Jun. 16, 2016) ("The Federal Circuit has explained that in an action seeking a declaration of non-infringement, where it is the patentee's efforts to enforce its patent that gives rise to the declaratory-judgment plaintiff's cause of action, "the patentee's efforts to license or enforce its patent against unrelated parties in the forum state" helps establish minimum contacts. . . . This was so even though the patentee's attempts to enforce its patent against parties unrelated to the declaratory-judgment plaintiff would (quite obviously) not give rise to a case or controversy between the patentee and the declaratory-judgment plaintiff. . . . And in accord with this broad understanding of the "arises out of or relates to" requirement, the Federal Circuit has also stated, "it is significant that the constitutional catchphrase is disjunctive in nature, indicating an added flexibility and signaling a relaxation of the applicable

standard from a pure 'arise out of' standard.") (quoting *Avocent*, 552 F.3d at 1337 and *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1362 (Fed. Cir. 2001)).

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because this is the district in which a substantial part of the events and allegations giving rise to the claims occurred. *See supra,* ¶¶ 4-5.

11.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(3) because Defendant is subject to this Court's personal jurisdiction.

12.     Venue is also proper under 28 U.S.C. § 1391(c)(3) because a defendant that does not reside in the United States may be sued in any judicial district.

## BACKGROUND

13.     The '685 Patent bears the title "WIRELESS POWER TRANSMITTING APPARATUS," and states that it issued on January 28, 2020. The '685 Patent identifies Jay Park and Soon Young Hyunas its inventors. A copy of the '685 Patent is attached as Exhibit 2.

14.     The '685 Patent lists "LG Innotek Co., Ltd." as the assignee. The United States Patent and Trademark Office Assignment Database contains a record of an assignment of the '685 Patent from LG Innotek Co., Ltd. to Scramoge

Technology Ltd. executed February 02, 2021, and recorded February 18, 2021, at Reel/frame 055335/0652.

15.     Defendant has represented it "is the sole owner by assignment of all right, title, and interest in the [] Patents, including the right to recover damages for past, present, and future infringement." Ex. 1, ¶ 2.

16.     The '685 Patent issued with 18 claims. Claims 1, 7, and 13 are independent claims.

17.     The '392 Patent bears the title "WIRELESS POWER TRANSFER DEVICE AND WIRELESS POWER TRANSFER SYSTEM," and states that it issued on January 29, 2019. The '392 Patent identifies Su Ho Bae as its inventor. A copy of the '392 Patent is attached as Exhibit 3.

18.     The '392 Patent lists "LG Innotek Co., Ltd." as the assignee. The United States Patent and Trademark Office Assignment Database contains a record of an assignment of the '392 Patent from LG Innotek Co., Ltd. to Scramoge Technology Ltd. executed February 02, 2021, and recorded February 18, 2021, at Reel/frame 055335/0652.

19.     Defendant has represented it "is the sole owner by assignment of all right, title, and interest in the [] Patents, including the right to recover damages for past, present, and future infringement." Ex. 1, ¶ 2.

20.     The '392 Patent issued with 8 claims. Claim 1 is an independent claim.

21.     The '537 Patent bears the title "INDUCTIVE POWER TRANSFER SYSTEM AND METHOD," and states that it issued on November 2, 2010. The '537 Patent identifies Benjamin Freer as its inventor. A copy of the '537 Patent is attached as Exhibit 4.

22.     The '537 Patent lists "Harris Corporation" as the assignee. The United States Patent and Trademark Office Assignment Database contains a record of an assignment of the '537 Patent from Harris Corporation to Harris Solutions NY, Inc. executed January 27, 2017, and recorded November 19, 2018, at Reel/frame 047600/0598. The United States Patent and Trademark Office Assignment Database contains a record of change of name of the assignor of the '537 Patent from Harris Solutions NY, Inc. to Harris Global Communications, Inc. executed April 17, 2018, and recorded November 19, 2018, at Reel/frame 047598/0361. The United States Patent and Trademark Office Assignment Database contains a record of an assignment of the '537 Patent from Harris Global Communications, Inc. to Scramoge Technology Ltd. executed September 28, 2021, and recorded October 6, 2021, at Reel/frame 057717/0612.

23.     Defendant has represented it "is the sole owner by assignment of all right, title, and interest in the [] Patents, including the right to recover damages for past, present, and future infringement." Ex. 1, ¶ 2.

24.     The '537 Patent issued with 28 claims. Claims 1, 12, 23, and 28 are independent claims.

25.     The '400 Patent bears the title "WIRELESS POWER TRANSMITTER," and states that it issued on March 26, 2019. The '400 Patent identifies Yu Ri Park as its inventor. A copy of the '400 Patent is attached as Exhibit 5.

26.     The '400 Patent lists "LG Innotek Co., Ltd." as the assignee. The United States Patent and Trademark Office Assignment Database contains a record of an assignment of the '400 Patent from LG Innotek Co., Ltd. to Scramoge Technology Ltd. executed February 02, 2021, and recorded February 18, 2021, at Reel/frame 055335/0652.

27.     Defendant has represented it "is the sole owner by assignment of all right, title, and interest in the [] Patents, including the right to recover damages for past, present, and future infringement." Ex. 1, ¶ 2.

28.     The '400 Patent issued with 19 claims. Claims 1, 10, and 18 are independent claims.

## DEFENDANT'S LAWSUIT AGAINST AN ENTITY RELATED TO PLAINTIFF

29.     On December 14, 2022, Defendant filed a Complaint in the United States District Court for the Eastern District of Texas (Civil Action No. 2:22-cv-00472) (the "EDTX Case") alleging infringement of the Patents by Bayerische Motoren Werke AG ("BMW AG"). *See* Ex. 1.

30.     BMW AG does not perform any acts alleged in the EDTX Case to constitute infringement in the United States. Thus, Defendant's allegations of infringement in the EDTX are misdirected. Instead, in the United States, those acts alleged to constitute infringement are performed by Plaintiff (to the extent any are performed—for example, BMW NA does not make any vehicles). Thus, while Plaintiff specifically denies any act of infringement or that Plaintiff performs any acts specifically alleged in the EDTX Case, Plaintiff understands Defendant's allegations to be directed at Plaintiff.

31.     Defendant alleges in the EDTX Case Complaint that it "owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement [of the Patents]" *See* Ex. 1, ¶¶ 8, 15, 22, 32.

32.     Defendant's allegations of infringement of the Patents are based on BMW AG's alleged making, using, offering to sell, selling, and/or importing "certain automobiles with a wireless charger." *See* Ex. 1 at ¶¶ 9, 16, 23, 33.

33.    Defendant alleges that BMW AG "continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '537 Patent." *See* Ex. 1 at ¶ 25.

34.    Defendant alleges that BMW AG "also provides its customers and end users with a detailed instructional video that provides step-by-step instructions on how to use the accused wireless charging functionality in an infringing manner." *See* Ex. 1 at ¶ 26.

35.    Defendant alleges that BMW AG "makes, uses, offers for sale, sells, and/or imports certain automobiles with a wireless charger, including without limitation the BMW wireless charging tray (Model No. WCH-184a) included in at least the BMW 5 series and 6 series automobiles ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '685 Patent." *See* Ex. 1 at ¶ 9.

36.    Defendant alleges that BMW AG "makes, uses, offers for sale, sells, and/or imports certain automobiles with a wireless charger, including without the BMW wireless charging tray (Model Nos. WCH-184a, WCH-189, and WCH-189a) included in at least the BMW 5 series, 6 series, X5 series, X7 series, and M3 series automobiles ("Accused Products"), that directly infringe, literally and/or

under the doctrine of equivalents, one or more claims of the '392 Patent." *See* Ex. 1 at ¶ 16.

37.    Defendant alleges that BMW AG "makes, uses, offers for sale, sells, and/or imports certain automobiles with a wireless charger, including without limitation including without the BMW wireless charging tray (Model Nos. WCH-184a, WCH-189, and WCH-189a) included in at least the BMW 5 series, 6 series, X5 series, X7 series, and M3 series automobiles ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '537 Patent, including through BMW's own use and/or testing of the Accused Products." *See* Ex. 1 at ¶ 23.

38.    Defendant alleges that BMW AG "continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '537 Patent." *See* Ex. 1 at ¶ 25.

39.    Defendant alleges that BMW AG "also provides its customers and end users with a detailed instructional video that provides step-by-step instructions on how to use the accused wireless charging functionality in an infringing manner." *See* Ex. 1 at ¶ 26.

40.    Defendant alleges that BMW AG "makes, uses, offers for sale, sells, and/or imports certain automobiles with a wireless charger, including without limitation the BMW wireless charging tray (Model Nos. WCH-184a, WCH-189, and WCH-189a) included in at least the BMW 5 series, 6 series, X5 series, X7 series, and M3 series automobiles ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '400 Patent." *See* Ex. 1 at ¶ 33.

41.    Plaintiff has sold or offered for sale at least one accused product and/or service within the statute of limitations for patent infringement, and continues to do so, and therefore, has a reasonable apprehension that Defendant may file another action against Plaintiff and allege that Plaintiff has infringed or is infringing the Patents.

42.    Plaintiff's accused products do not infringe and have not infringed, either directly, indirectly, or under the doctrine of equivalents, any claim of the Patents. In view of Defendant's allegations that BMW AG's products (which are provided in the United States by Plaintiff) infringe the Patents, a substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement of the '685 Patent)

43.    Plaintiff realleges and incorporates paragraphs 1 to 38 as if fully set forth herein.

44.    An actual controversy exists with respect to the Patents due at least to Defendant's assertion that BMW AG infringes one or more claims of the '685 Patent through its making, using, offering for sale, selling, and/or importing certain automobiles with a wireless charger. As Plaintiff, not BMW AG, performs some of these alleged acts in the United States (to the extent any are performed—for example, BMW NA does not make any vehicles), Plaintiff understands Defendant's allegations in the EDTX Case to be properly directed at Plaintiff. Plaintiff specifically denies any act of infringement, and Defendant's wrongful assertion of the '685 Patent against Plaintiff's products has caused and will continue to cause Plaintiff irreparable injury and damage.

45.    On information and belief, Plaintiff's allegedly infringing products do not include, at least, a "substrate . . . comprising a first protrusion . . . and a second protrusion," as required by claims 1-18 of the '685 Patent.

46.    Because Plaintiff's allegedly infringing products related automobiles with a wireless charger do not include, at least, a "substrate . . . comprising a first protrusion . . . and a second protrusion" as claimed, they do not meet each and

14

every limitation of independent claims 1, 7, and 13 of the '685 Patent. Therefore, Plaintiff's allegedly infringing products do not infringe directly or indirectly any claim of the '685 Patent, either literally or under the doctrine of equivalents.

47.    In view of the foregoing, Plaintiff seeks and is entitled to declaratory judgment that the use, sale, and offer for sale of Plaintiff's products related to automobiles with a wireless charger do not infringe any claim of the '685 Patent. A judicial determination of the respective rights of the parties with respect to noninfringement of the claims of the '685 Patent is necessary and appropriate under 28 U.S.C. § 2201 to resolve the parties' dispute regarding alleged infringement of the '685 Patent.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement of the '392 Patent)

48.    Plaintiff realleges and incorporates paragraphs 1 to 38 as if fully set forth herein.

49.    An actual controversy exists with respect to the Patents due at least to Defendant's assertion that BMW AG infringes one or more claims of the '392 Patent through its making, using, offering to sell, selling, and/or importing certain automobiles with a wireless charger. As Plaintiff, not BMW AG, performs some of these alleged acts in the United States (to the extent any are performed—for example, BMW NA does not make any vehicles), Plaintiff understands

15

Defendant's allegations in the EDTX Case to be directed at Plaintiff. Plaintiff specifically denies any act of infringement, and Defendant's wrongful assertion of the '392 Patent against Plaintiff's products has caused and will continue to cause Plaintiff irreparable injury and damage.

50.    On information and belief, Plaintiff's allegedly infringing products do not include, at least, "when the first and fourth switching elements are turned on in response to the first and fourth AC power control signals, the positive polarity output voltage is generated," as required by claims 1-8 of the '392 Patent.

51.    On information and belief, Plaintiff's allegedly infringing products do not include, at least, "when the second and third switching elements are turned on in response to the second and third AC power control signals, the negative polarity output voltage is generated," as required by claims 1-8 of the '392 Patent.

52.    On information and belief, Plaintiff's allegedly infringing products do not include, at least, "a duty ratio of the positive polarity output voltage is determined by a falling time of the fourth AC power control signal," as required by claims 1-8 of the '392 Patent.

53.    On information and belief, Plaintiff's allegedly infringing products do not include, at least, "a duty ratio of the negative polarity output voltage is

determined by a falling time of the third AC power control signal," as required by claims 1-8 of the '392 Patent.

54.     Because Plaintiff's allegedly infringing products related to automobiles with wireless chargers do not include, at least, "when the first and fourth switching elements are turned on in response to the first and fourth AC power control signals, the positive polarity output voltage is generated," "when the second and third switching elements are turned on in response to the second and third AC power control signals, the negative polarity output voltage is generated," "a duty ratio of the positive polarity output voltage is determined by a falling time of the fourth AC power control signal," and "a duty ratio of the negative polarity output voltage is determined by a falling time of the third AC power control signal" as claimed, they do not meet each and every limitation of independent claim 1 of the '392 Patent. Therefore, Plaintiff's allegedly infringing products do not infringe directly or indirectly any claim of the '392 Patent, either literally or under the doctrine of equivalents.

55.     In view of the foregoing, Plaintiff seeks and is entitled to declaratory judgment that the use, sale, and offer for sale of Plaintiff's products related to automobiles with a wireless charger do not infringe any claim of the '392 Patent. A judicial determination of the respective rights of the parties with respect to

noninfringement of the claims of the '392 Patent is necessary and appropriate under 28 U.S.C. § 2201 to resolve the parties' dispute regarding alleged infringement of the '392 Patent.

## THIRD CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement of the '537 Patent)

56.     Plaintiff realleges and incorporates paragraphs 1 to 38 as if fully set forth herein.

57.     An actual controversy exists with respect to the Patents due at least to Defendant's assertion that BMW AG infringes one or more claims of the '537 Patent through its making, using, offering to sell, selling, and/or importing certain automobiles with a wireless charger. As Plaintiff, not BMW AG, performs some of these alleged acts in the United States (to the extent any are performed—for example, BMW NA does not make any vehicles), Plaintiff understands Defendant's allegations in the EDTX Case to be directed at Plaintiff. Plaintiff specifically denies any act of infringement, and Defendant's wrongful assertion of the '537 Patent against Plaintiff's products has caused and will continue to cause Plaintiff irreparable injury and damage.

58.     On information and belief, Plaintiff's allegedly infringing products do not include, at least, "automatically adjusting at least one characteristic of said time varying electric current responsive to said parameter to maximize efficiency of

18

power transfer from said base unit to said target unit," as required by claim 1 of the '537 Patent.

59.     On information and belief, Plaintiff's allegedly infringing products do not include, at least, "automatically adjusting at least one characteristic of said time varying electric current responsive to said parameter to maximize an efficiency of power transfer from said base unit to said target unit," as required by claim 12 of the '537 Patent.

60.     On information and belief, Plaintiff's allegedly infringing products do not include, at least, "generating at said output node a periodic voltage signal adjustable to one or more operating frequencies based on a difference between a second control voltage at said input node and a reference voltage," as required by claim 23 of the '537 Patent.

61.     On information and belief, Plaintiff's allegedly infringing products do not include, at least, "automatically adjusting said operating frequency based on a value of said parameter to maximize said efficiency of power transfer from said base unit to said target unit," as required by claim 28 of the '537 Patent.

62.     Because Plaintiff's allegedly infringing products related to automobiles with a wireless charger do not include, at least, "automatically adjusting at least one characteristic of said time varying electric current responsive

19

to said parameter to maximize efficiency of power transfer from said base unit to said target unit" (claim 1), "automatically adjusting at least one characteristic of said time varying electric current responsive to said parameter to maximize an efficiency of power transfer from said base unit to said target unit" (claim 12), "generating at said output node a periodic voltage signal adjustable to one or more operating frequencies based on a difference between a second control voltage at said input node and a reference voltage" (claim 23), and "automatically adjusting said operating frequency based on a value of said parameter to maximize said efficiency of power transfer from said base unit to said target unit" (claim 28) as claimed, they do not meet each and every limitation of independent claims 1, 12, 23, and 28 of the '537 Patent. Therefore, Plaintiff's allegedly infringing products do not infringe directly or indirectly any claim of the '537 Patent, either literally or under the doctrine of equivalents.

63.     In view of the foregoing, Plaintiff seeks and is entitled to declaratory judgment that the use, sale, and offer for sale of Plaintiff's products related to automobiles with a wireless charger do not infringe any claim of the '537 Patent. A judicial determination of the respective rights of the parties with respect to noninfringement of the claims of the '537 Patent is necessary and appropriate

under 28 U.S.C. § 2201 to resolve the parties' dispute regarding alleged

infringement of the '537 Patent.

## FOURTH CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement of the '400 Patent)

64.     Plaintiff realleges and incorporates paragraphs 1 to 38 as if fully set

forth herein.

65.     An actual controversy exists with respect to the Patents due at least to

Defendant's assertion that BMW AG infringes one or more claims of the '400

Patent through its making, using, offering to sell, selling, and/or importing certain

automobiles with a wireless charger. As Plaintiff, not BMW AG, performs some of

these alleged acts in the United States (to the extent any are performed—for

example, BMW NA does not make any vehicles), Plaintiff understands

Defendant's allegations in the EDTX Case to be directed at Plaintiff. Plaintiff

specifically denies any act of infringement, and Defendant's wrongful assertion of

the '400 Patent against Plaintiff's products has caused and will continue to cause

Plaintiff irreparable injury and damage.

66.     On information and belief, Plaintiff's allegedly infringing products do

not include, at least, "a Printed Circuit Board (PCB)," as required by claims 1, 10,

and 18 of the '400 Patent.

21

67.     Because Plaintiff's allegedly infringing products related to automobiles with wireless chargers do not include, at least, "a Printed Circuit Board (PCB)" as claimed, they do not meet each and every limitation of independent claims 1, 10, and 18 of the '400 Patent. Therefore, Plaintiff's allegedly infringing products do not infringe directly or indirectly any claim of the '400 Patent, either literally or under the doctrine of equivalents.

68.     In view of the foregoing, Plaintiff seeks and is entitled to declaratory judgment that the use, sale, and offer for sale of Plaintiff's products related to automobiles with a wireless charger do not infringe any claim of the '400 Patent. A judicial determination of the respective rights of the parties with respect to noninfringement of the claims of the '400 Patent is necessary and appropriate under 28 U.S.C. § 2201 to resolve the parties' dispute regarding alleged infringement of the '400 Patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

A.     Declaratory judgment that Plaintiff's use, sale, offer for sale, and/or importation of products related to automobiles with a wireless charger, does not infringe the '685 Patent directly, indirectly, or under the doctrine of equivalents;

22

B.      Preliminary and permanent injunctive relief restraining Defendant and its agents, servants, employees, successors and assigns, and all others in concert and privity with them from wrongfully asserting the '685 Patent against Plaintiff's products;

C.      Declaratory judgment that Plaintiff's use, sale, offer for sale, and/or importation of products related to automobiles with a wireless charger, does not infringe the '392 Patent directly, indirectly, or under the doctrine of equivalents;

D.      Preliminary and permanent injunctive relief restraining Defendant and its agents, servants, employees, successors and assigns, and all others in concert and privity with them from wrongfully asserting the '392 Patent against Plaintiff's products;

E.      Declaratory judgment that Plaintiff's use, sale, offer for sale, and/or importation of products related to automobiles with a wireless charger, does not infringe the '537 Patent directly, indirectly, or under the doctrine of equivalents;

F.      Preliminary and permanent injunctive relief restraining Defendant and its agents, servants, employees, successors and assigns, and all others in concert and privity with them from wrongfully asserting the '537 Patent against Plaintiff's products;

23

G.     Declaratory judgment that Plaintiff's use, sale, offer for sale, and/or importation of products related to automobiles with a wireless charger, does not infringe the '400 Patent directly, indirectly, or under the doctrine of equivalents;

H.     Preliminary and permanent injunctive relief restraining Defendant and its agents, servants, employees, successors and assigns, and all others in concert and privity with them from wrongfully asserting the '400 Patent against Plaintiff's products;

I.     A declaration that this action is an exceptional case under 35 U.S.C. § 285;

J.     An award to Plaintiff of its attorneys' fees and costs incurred in this Action; and

K.     A grant of such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated:  March 9, 2023                    Respectfully submitted,

*/s/ Lionel M. Lavenue* (by mpm w/
permission)
Lionel M. Lavenue
Virginia Bar No. 49,005
lionel.lavenue@finnegan.com
**FINNEGAN, HENDERSON,
FARABOW, GARRETT &
DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, VA 20190
Phone:  (571) 203-2700
Fax:      (202) 408-4400


By: /s/*Megan P. McKnight*
Megan P. McKnight (P70428)
megan.mcknight@tealstonelaw.com
TEALSTONE LAW, PLC
423 N. Main St., Suite 200
Royal Oak, MI 48067
Phone: (313) 395-1500


**ATTORNEYS FOR PLAINTIFF
BMW of North America, LLC**